IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SAM YANG (U.S.A.), INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-2958 |
| ENI DIST, INC., | * | |
| Defendant | * | |

**MEMORANDUM AND ORDER**

*I. Background*

Plaintiff Sam Yang (U.S.A.), Incorporated ("SYUSA"), brought suit against Defendant ENI Dist, Incorporated ("ENI"), alleging tortious interference with contractual and economic relations, Lanham Act violations, state law trademark infringement, and unfair competition. (Compl., ECF No. 1.)  ENI was served on September 6, 2016, and its answer was due September 27, 2016.  (ECF No. 7.)  On September 27, ENI filed its motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to stay proceedings pending adjudication of a related case in that district.  (ECF No. 8.)

On November 8, the Clerk entered a default against ENI upon SYUSA's motion and after ENI had failed to file an answer in the time allotted under Federal Rule of Civil Procedure 12. (ECF No. 11.)  A few days later on November 14, ENI filed its answer.  (ECF No. 12.)  The Court directed ENI to file a motion, supported by good cause, for leave to late-file its answer. (ECF No. 14.)  On November 15, ENI filed a motion to set aside the default entered against it (ECF No. 13), and on November 28, it filed its motion for leave to deem its answer timely filed

(ECF No. 15).  SYUSA has responded to the motion to change venue and the motion for leave to late-file ENI's answer and has asked the Court to strike ENI's answer.  (ECF Nos. 9, 16.)  No hearing is necessary.  Local Rule 105.6 (D. Md. 2016).  ENI's motions as to the timeliness of its answer and entry of default will be granted, SYUSA's motion to strike will be denied, and ENI's additional motion will be denied as to transfer of venue and granted as to its request for stay.

## II. Standard for Vacating an Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure permits a district court to set aside an entry of default for good cause.  The Fourth Circuit has provided guidance as to how a district court determines whether good cause exists:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).  Further, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).  Thus, both Rule 55(c) and Rule 60(b) "are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).  If any doubt exists as to whether relief should be granted, it is to be "resolved in favor of setting aside the default so that the case may be heard on the merits."  *Id.*

## III. Analysis of Motions for Leave to Late-File Answer and to Vacate Default

The determination of whether to permit ENI to file its answer out of time is bound up in the determination of whether to vacate the default entered against it.  ENI's counsel has

acknowledged that she mistakenly believed the motion she filed for change of venue or, alternatively, to stay proceedings pending the outcome of the California case operated as a motion under Federal Rule of Civil Procedure 12 to toll the time for filing an answer to the complaint.  (Mot. Leave Supp. Mem. 1; Ex. C, Choi Aff.)  She has cited no persuasive authority for this proposition, and the Court knows of none.[1]  Nevertheless, the Court accepts that counsel's mistake was made in good faith and will permit ENI's answer to be deemed timely filed.  The Court also concludes that vacating the default is appropriate so that the case may be considered on its merits.  In that vein, ENI's prompt response to the default, the absence of a history of dilatoriness by ENI, the proffer of a meritorious defense, and the lack of any prejudice to SYUSA favor a finding of good cause to vacate the default.

### IV.  *Analysis of Motion for Transfer or, Alternatively, for Stay*

#### A.  *Motion for Transfer*

ENI has brought its motion for transfer of venue under 28 U.S.C. § 1404(a), which states,

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action **to any other district or division where it might have been brought or to any district or division to which all parties have consented.**

(Emphasis added.)

Neither of the alternative requirements of § 1404(a) is satisfied here.  Although ENI has expressed its consent to transfer this case to the Central District of California through its pending motion, SYUSA has not so consented.  Further, ENI, who bears the burden of persuasion on this motion, fails to demonstrate satisfactorily that this case "might have been brought" in California.

---

[1] Neither of the cases she cites is apposite.  In one, the motion to stay specifically requested a deferral for filing a responsive pleading and was filed concurrently with a motion to dismiss for lack of personal jurisdiction, which is a motion that, under Rule 12(a)(4), extends the time to answer.  *Datasouth Computer Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446 (W.D.N.C. 1989).  In the other, which predated the adoption of the Federal Rules of Civil Procedure, the Supreme Court only addressed the propriety of a stay in a case and did not address the timeliness of an answer.  *Landis v. North Am. Co.*, 299 U.S. 248 (1936).

Pursuant to 28 U.S.C. § 1391(b),

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As ENI states in its motion papers, ENI "is a Maryland corporation that distributes and sells Samyang Korea's products in the Northeastern United States." (Mot. Transfer Supp. Mem. 3.) Thus, it does not reside in California and § 1391(b)(1) does not confer venue there.

ENI, relying upon § 1391(b)(2), argues this case might have been brought in the Central District of California because that is where a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated. (Mot. Transfer Supp. Mem. 4-5.) The factual allegations of SYUSA's complaint give no credence to ENI's argument.

SYUSA's complaint against ENI alleges SYUSA is the exclusive distributor in North America for Samyang Foods Co., Ltd. ("Samyang Korea"), pursuant to a distribution agreement dated November 29, 1997. (Compl. ¶¶ 1, 9.) Additionally, SYUSA alleges it holds irrevocable rights as a licensee and assignee of all of Samyang Korea's intellectual property rights registered in the United States. (*Id.* ¶¶ 1, 11.) The initial term of the agreement is fifty years, with automatic renewal for another fifty years. (*Id.* ¶ 10.) Samyang Korea emailed a letter of termination to SYUSA on April 21, 2016, stating it intended to terminate the agreement effective August 1, 2016; the agreement has no express provision as to termination, other than the end of

the term of the contract. (*Id.* ¶ 12.) Despite its alleged rights under the distribution agreement, SYUSA alleges it discovered that ENI or its predecessor, Seohae Fishery USA, Incorporated, has been importing and distributing Samyang Korea's products since at least late 2007 and has continued to do so in the Northeastern United States, in direct contravention of SYUSA's exclusive distributorship. (*Id.* ¶¶ 13-17.)

SYUSA sued Samyang Korea in the Central District of California for breach of the distribution agreement. *Sam Yang (U.S.A.), Inc. et al. v. Samyang Foods Co., Ltd.*, No. 2:15-cv-07697 (C.D. Cal.). Samyang Korea responded with a counterclaim alleging SYUSA breached the distribution agreement by "failing to take the actions required to sell and promote Samyang's products and brand in the U.S." and further alleged that the course of dealing over many years between SYUSA and Samyang Korea resulted in modification, termination, and/or waiver of the distribution agreement "such that the contractual relationship became, at best, a non-exclusive distributorship that could be terminated at will by Samyang." (*Id.* Counterclaim ¶¶ 9, 23-25.)

ENI contends the contractual relationship between SYUSA and Samyang Korea lies at the heart of the dispute between ENI and SYUSA because SYUSA's claim against ENI depends upon the validity of SYUSA's contract with Samyang Korea, which allegedly grants SYUSA exclusive distributorship rights for Samyang's products in North America as well as an irrevocable license to Samyang Korea's intellectual property rights in the United States. Undoubtedly, SYUSA will be called upon to establish the contractual predicate underlying its claim against ENI; in that regard, Samyang Korea's counterclaims against SYUSA, if resolved in Samyang Korea's favor, undercut SYUSA's claims against ENI, depending on the time frame in which ENI's conduct occurred in relation to when the SYUSA-Samyang Korea contract may have terminated or been significantly modified. The determinative question is whether

SYUSA's and Samyang Korea's dealings with each other over time gave rise to SYUSA's suit against ENI, and the Court concludes they did so only tangentially. It is ENI's actions that gave rise to this suit, and none of ENI's actions occurred in the Central District of California.

Nor does ENI persuade the Court that "a substantial part of property that is the subject of the action is situated" in California. SYUSA's contractual rights, if they exist, are "situated" throughout North America, not in a discrete part of it. And any such rights can be infringed upon in any jurisdiction within the United States (or Mexico or Canada). Here, SYUSA alleges its rights were violated, at least in substantial part, in the District of Maryland. For purposes of determining proper venue *for this case only*, it can be said that SYUSA's "property," *i.e.*, its contractual rights, are "situated" in the District of Maryland where they were allegedly violated.

The Court concludes that ENI fails to show venue properly lies under § 1391(b)(2) in the Central District of California. ENI makes no argument pertaining to § 1391(b)(3), and the Court finds that subsection inapplicable to the instant case.

Because this case may not have been brought in the Central District of California, it may not be transferred under § 1404(a) to that district.

## B. Motion for Stay

### 1. Standard for Stay

Whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Economy of time and effort for the court, counsel, and litigants is taken into consideration in this decision, "which must weigh competing interests and maintain an even balance." *Id.* at 254-55. A party seeking a stay must demonstrate a pressing need for one, *id.* at 255, and that the need for a stay outweighs any possible harm to the nonmovant. *Mike's Train*

*House v. Broadway Ltd.*, Civ. No. JKB-09-2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011). *See also In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687-88 (Fed. Cir. 2010) (unpublished). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC¸* Civ. No. JKB-12-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation marks omitted).

### 2. Analysis

As earlier noted, the validity of the SYUSA-Samyang Korea agreement is directly in question in the pending case in the Central District of California. Further, that court denied SYUSA's request for a temporary restraining order to prevent the August 1, 2016, termination of the agreement, finding SYUSA had "not demonstrated to any likelihood that [the agreement's] lack of a termination clause means that Samyang cannot terminate the Agreement, that SYUSA performed its contractual obligations, or that Samyang's termination letter breached the Agreement." *Sam Yang (U.S.A.), Inc., et al. v. Samyang Foods Company Ltd.* (ECF No. 56). That case has in place a scheduling order that sets a March 14, 2017, deadline for non-expert discovery, a date of June 12, 2017, for a pretrial conference and hearing on motions *in limine*, and a jury trial to begin July 18, 2017. *Id.* (ECF No. 55.)

Because this Court will be called upon to determine the validity of the SYUSA-Samyang Korea agreement in order to decide whether ENI's actions violated any rights claimed thereunder by SYUSA, this case must be stayed pending the resolution of the California case, which will decide the predicate upon which this case is based. It would be wasteful for this Court to permit discovery and motions practice when it is unknown if SYUSA actually has, or had, contractual

rights that could have been violated by ENI. Since a pivotal question is duplicated in both cases, and since the California case is farther along, the Court finds a strong interest in judicial economy to stay this case. Further, it would create hardship to ENI to actively litigate this case when it is possible that SYUSA's claim against ENI will be determined unfounded through the rulings made in the California case. Finally, the Court discerns no significant prejudice to SYUSA derived from a stay to await the outcome of its case against Samyang Korea when legal bases for both cases clearly overlap.

## *V. Conclusion*

For the foregoing reasons, ENI's motion to set aside default (ECF No. 13) and motion for leave to deem its answer timely filed and to vacate the entry of default (ECF No. 15) ARE GRANTED. The Default entered by the Clerk on November 8, 2016 (ECF No. 11) IS VACATED, and ENI's answer (ECF No. 12) is deemed timely filed. SYUSA's motion to strike ENI's answer for untimeliness (ECF No. 16) IS DENIED. ENI's motion to transfer venue or, in the alternative, to stay proceedings (ECF No. 8), construed as a motion to transfer venue, IS DENIED and, construed as a motion to stay, IS GRANTED. This case IS STAYED pending the outcome of the case in the Central District of California between SYUSA and Samyang Korea, No. 2:15-cv-07697. SYUSA SHALL FILE a status report as to the California case on August 15, 2017, or sooner, if the case has been resolved.

DATED this 9th day of December, 2016.

                                            BY THE COURT:

                                            _____/s/_____
                                            James K. Bredar
                                            United States District Judge